IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| NEDRA JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:23-cv-09045 |
| ) | |
| v. ) | Judge Steven C. Seeger |
| ) | |
| METROPOLITAN LIFE INSURANCE ) | Magistrate Judge M. David Weisman |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS**

Plaintiff, NEDRA JOHNSON, by and through her attorneys, DEUTSCHMAN & SKAFISH, P.C., responds to Defendant METROPOLITAN LIFE INSURANCE COMPANY's Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), stating as follows:

## INTRODUCTION

On August 4, 2023, Plaintiff filed a two count Complaint against Defendant for breach of contract and bad faith. (Plaintiff's Ex. A, Complaint.) In her Complaint, Plaintiff alleges that she is the primary beneficiary of a life insurance policy ("Policy") issued by the Defendant in conjunction with the Office of Federal Employees' Group Life Insurance ("FEGLIA"). Id. at ¶ 2. The amount of the benefit due and owing to Plaintiff is believed to be $130,000. Id. at ¶ 3. The subject Policy was in full force and effect at all times pertinent and afforded coverage for the death of James Johnson, Jr., who was Plaintiff's husband until the time of his death. Id. at ¶¶ 4, 9.

On or about May 5, 2022, Mr. Johnson died. Id. at ¶ 5. Thereafter, Plaintiff made a claim on the Policy for the life insurance benefits, but Defendant has refused to honor the claim. Id. at ¶ 6. Defendant, through its Motion to Dismiss, maintains that the Plaintiff is not the beneficiary.

1

At the time the Policy was taken out in 1983, Mr. Johnson's first wife (Diane Johnson), and his daughter (Diane T. Johnson), were each 50% beneficiaries. Id. at ¶ 8. Mr. Johnson and Diane later divorced, and Mr. Johnson married the Plaintiff in 2001. Id. at ¶ 9. In 2002, Mr. Johnson filled out a new life insurance beneficiary form listing the Plaintiff as a 100% beneficiary. Id. at ¶ 10. Defendant accepted the 2002 beneficiary designation form and never notified the Plaintiff or Mr. Johnson of any alleged defects in the designation. Id. at ¶ 11. It was not until after Mr. Johnson died and Plaintiff made a claim under the Policy that Defendant took the position that the 2002 designation was somehow incomplete and therefore invalid. Id. at ¶ 12. This was and is extremely prejudicial to the Plaintiff, ***who for 20 years (along with Mr. Johnson), believed that she was the 100% beneficiary of Mr. Johnson's life insurance policy.*** Id. at ¶ 12. Plaintiff alleges that Defendant should be estopped from now asserting that the designation was invalid when Defendant accepted the new beneficiary form naming Plaintiff as 100% beneficiary and, over the course of 20 years, never once advised Mr. Johnson or Plaintiff that it was somehow incomplete. Id. at ¶ 13. Accordingly, Plaintiff alleges that she has been damaged in the amount of $130,000 as a result of Defendant's refusal to tender the Policy benefits to her in accordance with the beneficiary form it accepted in 2002. Id. at ¶ 17.

In response to Plaintiff's Complaint, Defendant filed a Rule 12(b)(6) Motion to Dismiss alleging that the Plaintiff is not the beneficiary of Mr. Johson's FEGLI Policy. In support thereof, Defendant attached an unauthenticated, unverified, and redacted document purporting to be the allegedly insufficient beneficiary form referenced in Plaintiff's Complaint. For the reasons discussed below, the Defendant's Motion to Dismiss is improper and must be denied.

## **LEGAL STANDARD**

When considering a motion to dismiss for failure to state a claim, the Court must construe the complaint "in a light most favorable to the nonmoving party, accept well-pleaded facts as true,

2

and draw all inferences in the non-moving party's favor." *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016); *Franklin Cash Register, Inc. v. Dealzz* (N.D. Ill. 2022). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The plaintiff need not plead "detailed factual allegations," but the short and plain statement must "give the defendant fair notice of what ... the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain sufficient factual matter that when "accepted as true ... 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Evaluating whether a claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Burke v. Dart* (N.D. Ill. 2022); *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

## ARGUMENT

I. **DEFENDANT'S MOTION TO DISMISS MUST BE DENIED BECAUSE IT IMPROPERLY RELIES ON DOCUMENTS OUTSIDE OF THE PLEADINGS AND EXCEEDS THE SCOPE OF REVIEW UNDER RULE 12(b)(6).**

The well-established rule holds that a 12(b)(6) motion "can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). Under Fed. R. Civ. P. 10(c), a copy of a written instrument that is attached to a pleading is considered a part of the pleading for all purposes. Additionally, documents attached to a motion to dismiss are considered part of the pleadings *if they are concededly authentic*, referenced in the plaintiff's complaint, and central to the claim. *Page v. Am. Gen. Life Ins. Co.*, No. 13 C 6979, 2014 WL 7185290 (N.D. Ill. Dec. 11, 2014) (emphasis added); *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994).

"While documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim, *Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1248 (7th Cir.1994)…**this is a narrow exception** aimed at cases interpreting, for example, a contract. It is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment." *Levenstein v. Salafsky*, 164 F.3d 345 (7th Cir. 1998), see also *Tierney v. Vahle,* 304 F.3d 734, 738 (7th Cir. 2002); *Page v. Am. Gen. Life Ins. Co.*, No. 13 C 6979, 2014 WL 7185290 (N.D. Ill. Dec. 11, 2014) [the court's ability to consider documents attached to a motion to dismiss is meant to be a narrow one, and is not meant to blur the distinctions between a motion to dismiss and a motion for summary judgment]; *Sierra Club v. Franklin Cnty. Power of Illinois, LLC*, No. 05-CV-4095-JPG, 2005 WL 3440728 (S.D. Ill. Dec. 14, 2005) [the narrow exception, however, applies only to attachment of additional material that has been referred to in the complaint, **that is indisputably authentic** and that is central to the plaintiff's claim.]

The submission of a document that requires discovery to "authenticate or disambiguate it" requires a district court to convert a motion to dismiss to a motion for summary judgment, if the court elects to consider the document in deciding whether to grant motion. *Tierney v. Vahle,* 304 F.3d 734 (7th Cir. 2002). In *Page v. Am. Gen. Life Ins. Co.*, supra, for example, the court found that considering the plaintiff's father's handwritten note and the defendant's argument that it represented the only communication from him regarding a change of beneficiaries prior to his death exceeded the scope of the court's review under Rule 12(b)(6). The court found that the note was not authenticated in any way, nor was there any evidentiary support for the defendant's argument that the handwritten letter was the only communication or request received from plaintiff's father regarding a change in beneficiaries prior to his death. Id.

4

Similarly, in *Hensiek v. Bd. of Directors of Casino Queen Holding Co.*, No. 20-CV-377-DWD, 2023 WL 2374371 (S.D. Ill. Mar. 6, 2023), an ERISA action, the defendant filed a Rule 12(c) motion and, in support thereof, relied heavily on exhibits attached to his answer. The defendant argued that the court could consider the documents under Rule 12(d) as documents referenced in the pleadings or central to the plaintiffs' claims. Id. at * 6. The plaintiffs disagreed, arguing that the documents did not fall within the narrow exception because they were not "concededly authenticated" and were not central to the plaintiffs' claims. Id. As to authentication, the plaintiffs argued that the documents were not concededly authenticated by a fact witness with personal knowledge about the documents' authenticity. Id.

The court found that the plaintiff's concerns were "not unjustified." Id. The court explained that normally, when a Fed. R. Civ. P. 12(b)(6) or 12(c) motion presents matters outside the pleadings and the court does not exclude them, the motion must be treated as a Rule 56 motion for summary judgment. Id.; Fed. R. Civ. P. 12(d). The court further noted that "[b]ut, "when a complaint refers to and rests on a contract or other document that is not attached to the complaint, a court might be within its rights to consider that document in ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss the complaint without converting the motion into one for summary judgment, *so long as the authenticity of the document is unquestioned.*" Id. (emphasis added), citing *Minch v. City of Chicago*, 486 F.3d 294, 300 n.3 (7th Cir. 2007), citing *Tierney v. Vahle*, 304 F.3d 734, 738 39 (7th Cir. 2002). The court went on to state that "[w]hile documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's compliant and are central to his claim, this is a narrow exception aimed at cases interpreting, for example, a contract. It is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment ..." Id., citing *Levenstein v.*

5

*Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). Accordingly, the court denied the defendant's motion for judgment on the pleadings. Id. at * 8.

Here, the Defendant has submitted three exhibits outside the pleadings in support of its Motion to Dismiss, **none of which are supported by affidavit** and **none of which have been properly authenticated.** With respect to Defendant's Exhibit B, the Plaintiff does not, and cannot, without discovery, concede or evaluate either the authenticity *or* the alleged incompleteness of the document purporting to be the allegedly deficient beneficiary form.[1] Portions of Defendant's Exhibit B have clearly been "redacted," as is evident from the Exhibit itself, and the Plaintiff has no way of verifying what information has or has not been eliminated, *much less by whom.* Moreover, the Plaintiff has no way of determining whether Defendant's Exhibit B was the actual (or the only) beneficiary form naming her as a beneficiary that is the subject of her Complaint. As discussed above, although materials outside the complaint generally are disregarded for motions to dismiss, a "narrow" exception exists if the document is "referred to in the complaint, provided it [is] a concededly authentic document central to the plaintiff's claim." *Daoud v. City of Chicago*, No. 21 C 6663, 2023 WL 5389015 (N.D. Ill. Aug. 22, 2023), citing *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). Since the documents attached to Defendant's Motion to Dismiss are outside the pleadings, and the Plaintiff does not, and cannot, concede the authenticity of the purported beneficiary form at this stage of the proceedings (and the Defendant has not even attempted to validate its authenticity), the Defendant's Motion is invalid and must be denied.

---

[1] In addition, as to Defendant's Exhibit A, the Defendant fails to demonstrate how the purported contract between the Defendant and the United States Office of Personnel Management is relevant or appropriate here and, moreover, fails to establish that it is "central to Plaintiff's claim." *Levenstein v. Salafsky*, 164 F.3d 345 (7th Cir. 1998).

In sum, the Defendant's Motion to Dismiss improperly relies on a completely unauthenticated, unsupported, and redacted document that is outside the pleadings. Accordingly, the Motion to Dismiss is unfounded and must be denied accordingly.

## CONCLUSION

Based on the foregoing, the Plaintiff respectfully requests that this Honorable Court deny the Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P 12(b)(6) in its entirety. Alternatively, in the event the Court grants any portion of Defendant's Motion to Dismiss, the Plaintiff respectfully requests leave to amend her Complaint.

Dated: November 16, 2023

                                          Respectfully submitted,

BY: /s/ Bradley A. Skafish
      *Attorney for Plaintiff*

Jeffrey S. Deutschman
Bradley A. Skafish
DEUTSCHMAN & SKAFISH, P.C.
77 West Washington Street- Suite 1525
Chicago, IL 60602
(312) 419-1600
jeff@deutschmanlaw.com
brad@deutschmanlaw.com

**I, Bradley A. Skafish, an attorney**, do hereby certify that I have caused this to be served on all represented parties via the CM/ECF electronic filing system this 16th day of November 2023.

Law Division Motion Section Initial Case Management Dates for CALENDARS (A,B,C,D,E,F,H,R,X,Z) will be heard In Person. All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https.//www.cookcountycourt,org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: 10/11/2023 10:00 AM

FILED
8/4/2023 12:03 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L007784
Calendar, A
23832867

FILED DATE: 8/4/2023 12:03 PM  2023L007784

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| NEDRA JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| METROPOLITAN LIFE INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

### COMPLAINT AT LAW

**NOW COMES** the Plaintiff, NEDRA JOHNSON, by and through her attorneys, **DEUTSCHMAN & SKAFISH, P.C.** and complaining of the Defendant, METROPOLITAN LIFE INSURANCE COMPANY, states as follows:

### COUNT I – BREACH OF CONTRACT

1. Defendant METROPOLITAN LIFE INSURANCE COMPANY (hereinafter "METLIFE") is an insurance company duly licensed to write life insurance policies in the State of Illinois, and Defendant regularly does business in the State of Illinois and County of Cook.

2. Defendant issued a life insurance policy covering losses including the death of James Johnson, Jr., in conjunction with the Office of Federal Employees' Group Life Insurance (Plaintiff is not in possession of a complete copy of the policy at issue, but on information and belief, Defendant is in possession of the policy, and Plaintiff demands that Defendant tender a copy with its responsive pleading).

3. Plaintiff is the primary beneficiary of the policy, and the amount of the benefit is believed to be $130,000.



EXHIBIT A

Diane Johnson's 50% share would go to James' estate, which is payable to Plaintiff as his surviving spouse.

15. Defendant knows or should know that the death benefit is due and owing to Plaintiff under the language of the policy, beneficiary designation, and applicable law.

16. Plaintiff contends that Defendant has acted in bad faith and that Defendant owes coverage under its policy for the loss in the true amount of the death benefit, and further that Defendant's conduct constitutes a denial and a breach of the terms of the policy.

17. As a result of Defendant's breach of the policy, Plaintiff has been damaged in the amount of $130,000, as she did not receive the genuine death benefit owed under the policy of insurance.

**WHEREFORE**, plaintiff, NEDRA JOHNSON, respectfully requests judgment against METROPOLITAN LIFE INSURANCE COMPANY in the amount of $130,000, costs of suit, and reasonable attorney's fees incurred in prosecuting this action.

## COUNT II – BAD FAITH

1.-17. Plaintiff reasserts and realleges paragraphs 1 through 17 of Count I as paragraphs 1 through 13 of Count II.

18. Section 155(1) of the Insurance Code, 215 ILCS 5/155, provides that "[i]n any action by or against an insurance company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allows as part of the taxable costs in the action reasonable attorney fees, other costs, plus [certain penalties.]"

19. Defendant METROPOLITAN LIFE INSURANCE COMPANY's denial of the claim was not in good faith because Defendant knows that the facts and evidence do not

FILED DATE: 8/4/2023 12:03 PM 2023L007784

support its position. There is, in fact, no bona fide dispute that Defendant owes coverage for this loss under the policy.

20. Defendant's conduct in refusing to pay the death benefit and denying coverage has been and continues to be vexatious and unreasonable within the meaning of Section 155 of the Insurance Code, 215 ILCS 5/155.

**WHEREFORE**, plaintiff, NEDRA JOHNSON respectfully requests that this Honorable Court enter judgment against METROPOLITAN LIFE INSURANCE COMPANY for reasonable attorney's fees and costs incurred in prosecuting this action and further penalties as provided under Section 155 of the Insurance Code, 215 ILCS 5/155.

DEUTSCHMAN & SKAFISH, P.C.

By: _____

Jeffrey S. Deutschman
Bradley A. Skafish
**DEUTSCHMAN & SKAFISH, P.C.**
77 W. Washington Street - Suite 1525
Chicago, IL 60602
(312) 419-1600
brad@deutschmanlaw.com
jeff@deutschmanlaw.com
Atty No. 63279

FILED DATE: 8/4/2023 12:03 PM 2023L007784

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| NEDRA JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| METROPOLITAN LIFE INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

### 222 AFFIDAVIT

I, BRADLEY A. SKAFISH, attorney for the Plaintiff, NEDRA JOHNSON, hereby claim that the amount of damages sought in this claim exceeds $50,000.00.

Affiant further sayeth naught.

Bradley A. Skafish

Jeffrey S. Deutschman
Bradley A. Skafish
**DEUTSCHMAN & SKAFISH, P.C.**
Attorney for Plaintiffs
77 W. Washington St., Suite 1525
Chicago, IL 60602
(312) 419-1600
ARDC #6278462
jeff@deutschmanlaw.com
brad@deutschmanlaw.com